# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA CIFELLI, | Civil Action No: 2:25-cv-6606 |
| Plaintiff, | |
| v. | **Electronically Filed** |
| FARMERS INSURANCE GROUP, INC. d/b/a, a/k/a FARMERS INSURANCE GROUP d/b/a, a/k/a FARMERS INSURANCE EXCHANGE d/b/a, a/k/a FARMERS INSURANCE COMPANY d/b/a, a/k/a FARMERS INSURANCE OF COLUMBUS, INC. | **JURY TRIAL DEMAND** |
| Defendants. | |

## NOTICE OF REMOVAL

AND NOW, comes the Defendant, FARMERS INSURANCE of COLUMBUS, INC., erroneously identified as "FARMERS INSURANCE GROUP, INC. d/b/a, a/k/a FARMERS INSURANCE GROUP d/b/a, a/k/a FARMERS INSURANCE EXCHANGE d/b/a, a/k/a FARMERS INSURANCE COMPANY d/b/a, a/k/a FARMERS INSURANCE OF COLUMBUS, INC.", by and through its counsel, MARSHALL DENNEHEY, P.C. and PATRICIA A. MONAHAN, ESQUIRE, and files the within Notice of Removal of Civil Action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, representing as follows:

1. Plaintiff, Diana Cifelli, commenced this action against Defendant, Farmers Insurance of Columbus, Inc. by filing a Complaint in the Court of Common Pleas of Philadelphia, County, on October 16, 2025.[1] (Exhibit "A").

2. Plaintiff's Complaint references an Exhibit "A" thereto, but no exhibit was attached to the copy that was served upon Defendant. (Exhibit "A", ¶ 6).

3. A copy of the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket is attached hereto as Exhibit "B".

4. Copies of the remainder of the pleadings filed in this case in the Court of Common Pleas of Philadelphia County are attached hereto as Exhibit "C".

5. Plaintiff's Complaint avers that she resides at 1239 S. Warnock Street, Philadelphia, PA 19147. (Exhibit "A", ¶ 1).

6. Defendant, Farmers Insurance of Columbus, Inc., has a principal place of business located at 6111 Oak Tree Boulevard, Suite 300, Independence, OH 44131-2585.

7. Defendant, Farmers Insurance of Columbus, Inc., is incorporated in the state of Ohio.

8. This lawsuit is therefore removable from state court to this United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

9. In removing this matter to this Court, Defendant does not consent to jurisdiction of this Court, as it does not do business in Pennsylvania. Nor does Defendant waive its right to file a motion challenging jurisdiction or venue, and it intentionally and specifically reserves and preserves all arguments regarding lack of jurisdiction, improper venue and all claims, defenses

---

[1] Defendant was improperly identified as "FARMERS INSURANCE GROUP, INC. d/b/a, a/k/a FARMERS INSURANCE GROUP d/b/a, a/k/a FARMERS INSURANCE EXCHANGE d/b/a, a/k/a FARMERS INSURANCE COMPANY d/b/a, a/k/a FARMERS INSURANCE OF COLUMBUS, INC."

and/or issues that may be brought under Rule 12 of the Federal Rules of Civil Procedure and otherwise.

10. Defendant attaches hereto as Exhibit "D" a copy of the insurance policy that Plaintiff references in Paragraph 6 of her Complaint as it was not attached to the copy that was served upon Defendant, though Paragraph 6 of her Complaint states that an insurance policy is attached to Plaintiff's Complaint as Exhibit "A."

11. Exhibit "D" evidences Farmers Insurance of Columbus, Inc. issued the insurance policy that is the subject of Plaintiff's Complaint.

12. Plaintiff seeks underinsured motorist coverage pursuant to the subject insurance policy that Farmers Insurance of Columbus, Inc. issued. (Exhibit "A", §§ 6 and 15.

13. In Count II of Plaintiff's Complaint, Plaintiff alleges that Defendant acted in bad faith and she seeks damages under 42 Pa.C.S. § 8371, including punitive damages, interest costs, attorneys' fees and other relief.

14. The underinsured motorist coverage under the subject policy has a limit of $500,000 per person.

15. Consequently, the amount in controversy herein is in excess of the sum of $75,000, exclusive of interest and costs, such that the amount in controversy and diversity requirements are satisfied under 28 U.S.C. § 1332.

16. This Notice of Removal is timely filed in compliance with 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of the date that Plaintiff served her Complaint.

17. Written notice of the filing of this Notice of Removal has been given to Plaintiff in compliance with U.S.C. § 1446(d).

18. Pursuant to Section 28 U.S.C. § 1441(a), "Any civil action brought in a state Court of which the district courts of the United States have jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

19. This Court therefore has original jurisdiction over the state action under 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship existed at the time the state action was filed and continues to exist, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

20. This Court has authority to remove the state action pursuant to 28 U.S.C. § 1441, er, seq.

21. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district embraces the place where the state action is pending.

22. To the extent that Plaintiff's Complaint could be construed to have been filed against "Farmers Insurance Group, Inc." d/b/a ….. any such joinder is fraudulent because there is no such legal entity, though "Farmers Insurance Group" is a service mark not capable of being sued.[2] *See*, *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted) (fraudulent joinder takes place "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant").

WHEREFORE, Defendant, Farmers Insurance of Columbus, Inc., respectfully requests that it may effect the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

---

[2] Farmers Insurance Group" is a service mark that is registered with United States Patent and Trademark office at Serial No. 74384122 and Registration No. 1821674. This information is publicly available. A service mark is not an insurance company that could have issued an auto insurance policy.

4

Respectfully submitted,

Dated:  November 21, 2025    **MARSHALL DENNEHEY, P.C.**


By:   *s/ Patricia A. Monahan*
Patricia A. Monahan, Esquire
*Counsel for Defendants Farmers Insurance of Columbus, Inc. erroneously identified as "FARMERS INSURANCE GROUP, INC. d/b/a, a/k/a FARMERS INSURANCE GROUP d/b/a, a/k/a FARMERS INSURANCE EXCHANGE d/b/a, a/k/a FARMERS INSURANCE COMPANY d/b/a, a/k/a FARMERS INSURANCE OF COLUMBUS, INC.*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served upon the following party via Electronic and/or U.S. Mail, postage prepaid, on the below date:

**VIA EMAIL**
Mark B. Goodheart, Esquire
The Goodheart Firm
529 South 16th Street, Suite 100
Philadelphia, PA  19146
mark@thegoodheartfirm.com
*Attorney for Plaintiff*

Respectfully submitted,

Dated: November 21, 2025          **MARSHALL DENNEHEY, P.C.**

By: *s/ Patricia A. Monahan*
Patricia A. Monahan, Esquire
*Counsel for Defendants Farmers Insurance of Columbus, Inc. erroneously identified as "FARMERS INSURANCE GROUP, INC. d/b/a, a/k/a FARMERS INSURANCE GROUP d/b/a, a/k/a FARMERS INSURANCE EXCHANGE d/b/a, a/k/a FARMERS INSURANCE COMPANY d/b/a, a/k/a FARMERS INSURANCE OF COLUMBUS, INC.*

LEGAL/172948461.1